YELVERTON, Judge.
This appeal arises from an amending judgment correcting the name of a defen *1239 dant dismissed by summary judgment. We affirm.
Raymond and Tammy Derouen filed a petition for damages against three named defendants: Quintana Petroleum (U.S.), Inc., Quintana Petroleum Corporation, and Quintana Production Company. One of the defendants, Quintana Petroleum Corporation, filed a motion for summary judgment claiming that it was Raymond’s employer and that there was no genuine issue of material fact as to its immunity from tort liability.
After a hearing, the trial court granted the motion. However, the trial judge got confused over the similarity of names. In its reasons for judgment the trial court referred to the defendant once as Quintana Petroleum (USA), Inc., and another time as Quintana Petroleum Corporation (USA), Inc. The court then signed a judgment dismissing the claims against “Quintana Petroleum (USA), Inc.” on September 20, 1991.
The Derouens took a devolutive appeal but dismissed the appeal on March 20, 1992. Thereafter, in April 1992, Quintana Petroleum Corporation filed a motion to amend the judgment to get the correct party, Quintana Petroleum Corporation, named in the judgment of dismissal. The Derouens then filed an amending petition in their suit naming only Quintana Petroleum Corporation and Quintana Production Company.
A hearing on the motion to amend the judgment was held on June 22, 1992. An amended judgment dismissing all claims against Quintana Petroleum Corporation was signed on July 17, 1992. It is from this judgment that the Derouens have appealed claiming that the trial court could not amend the judgment because it was an alteration of substance.
La.C.C.P. art. 1951 states that a final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party to alter the phraseology of the judgment, but not the substance.
The definition of “substance” in Black’s Law Dictionary, 4th Ed.Rev. is “Essence; the material or essential part of a thing, as distinguished from ‘form’.”
In its reasons for judgment the trial judge said:
There is no question as to the identity of the mover in summary judgment in the instant case. Both parties correctly identified mover as Quintana Petroleum Corporation in their memoranda relating to the motion. The court finds that changing an incorrect designation of a corporate entity in a judgment when it is obvious that only one designation of that entity is at issue is not a substantive change. Where only one designated entity files a motion, and the court designates the incorrect entity, it is similar to a spelling error. In such a case, the connection between the moving party and the defendant in judgment is very clear, and there can be no mistake as to the identity of the party to which the motion and resulting judgment pertain.
The parties and the court all participated in the oversight. With three Quintana defendants, it was easy to mix them up. There was never any question about which one filed the motion for summary judgment, or which one was entitled to be dismissed when the motion was granted. What happened in the September 20, 1991 judgment was a misnomer. Moreover, the wrong-named person was not a party to the lawsuit. The party named in that judgment was Quintana Petroleum (USA), Inc. There was a Quintana Petroleum (U.S.), Inc., in the lawsuit but not a Quintana Petroleum (USA), Inc. Therefore, the judgment meant nothing. It decided no issue before the court. It was technically no judgment at all, having been rendered against a non-party. This being the case, the judgment signed on July 17, 1992, dismissing Quintana Petroleum Corporation, was the only valid judgment rendered on the motion for summary judgment. It was not an alteration of substance.
We cite Town of Mandeville v. Paquette, 153 La. 33, 95 So. 391 (La.1923) to support us. Although the case is old, the law has not changed. See La.C.C.P. art. 1951 and *1240 Official Révision Comments. In Paquette the judgment inadvertently called the defendant the “American Bonding Company”. The American Bonding Company was not a party to the suit. The American Surety Company of New York was the party. Before the judgment was signed, the trial court corrected the error. On appeal the Supreme Court affirmed saying, “[i]f the judge had not made the correction, we would make it now.”
The judgment is affirmed at appellant’s costs.
AFFIRMED.
SAUNDERS, J., dissents and assigns reasons.